1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9   PATRICK STEVEN DAVIS,              )              3:13-cv-00559-MMD-WGC
                                       )
10           Plaintiff,                )              **ORDER**
                                       )
11     vs.                             )       re Defendants' Motion for Protective Order
                                       )                 To Stay Discovery
12   STATE OF NEVADA, et al.,          )
                                       )                  (Doc. # 10)
13           Defendants.               )
     _____)

14

15          Before the court is Defendants' Motion for Protective Order to Stay Discovery. (Doc. # 10.)[1]

16   Plaintiff did not file a direct response, but did submit a Motion for Discovery Plan and Scheduling Order

17   with Special Scheduling Requested which peripherally addresses the stay issue. (Doc. # 15.)

18          The motion to stay discovery arises from Defendants' Motion to Dismiss for Failure to State a

19   Claim. (Doc. # 6.) Defendants claim their motion to stay and their motion to dismiss should lead to a

20   "dismiss[al] of the Complaint in its entirety." (*Id*. at 17.) Further, Defendants argue because Plaintiff's

21   claims "fail as a matter of law, no discovery is necessary by Plaintiff to oppose the motion [to dismiss]."

22   (Doc. # 10 at 3.) Although as noted above Plaintiff did not file a separate response to Defendants' motion

23   to stay, the court interprets Plaintiff's Motion for Discovery Plan (Doc. # 15) as expressing Plaintiff's

24   opposition to the requested stay.  While Plaintiff admits, tacitly at least, that some aspects of the motion

25   to stay are meritorious, Plaintiff states discovery should nonetheless proceed regardless of the outcome

26   of the Defendants' motion to dismiss, as he intends to seek leave to further amend his complaint. (*Id*. at

27   1-2.)

28   _____

                 [1] Refers to court's docket number.

1

2    For the reasons expressed in this order, and in the exercise of this court's discretion, good cause

3    exists to stay discovery in this matter until District Judge Miranda M. Du has been able to address the

4    subject of the Defendants' underlying motion to dismiss (Doc. # 6) which has now been fully briefed and

5    is under submission to the court. (Docs. ## 8, 9.)

6    **I. Legal Standard for Stays of Discovery**

7    The Federal Rules of Civil Procedure do not provide any standards to be utilized with respect

8    to stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of*

9    *Los Angeles*, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995). Nor has this court been able to locate a Ninth

10   Circuit decision enumerating the factors a district court should utilize when deciding a motion to stay

11   discovery.  *In accord, Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597 at 602 (D. Nev. 2011). Ordinarily,

12   a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery."

13   *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 544, 556 (D. Nev 1977) (quoting *Twin*

14   *City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). That discovery

15   may involve inconvenience and expense is not sufficient to support a stay of discovery. (*Id.*) "The fact

16   that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."

17   *Tradebay* at 603.

18   Courts have broad discretionary power to control discovery including the decision to allow or

19   deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient

20   standard for granting motions to stay due to pending dispositive motions would result in unnecessary

21   delay in many cases. However, examples of when stays of discovery might be appropriate are where

22   jurisdiction, venue, or immunity are preliminary issues. *Turner Broadcasting*, 175 F.R.D. at 555-56;

23   *Twin City* at 653. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong

24   showing' why discovery should be denied." *Turner Broadcasting*, 175 F.R.D. at 556.

25   To determine if a stay is appropriate, the magistrate judge will typically take a "preliminary peek"

26   at the underlying motion to dismiss (or other dispositive motion) and apply a two-part test: (1) the court

27   must determine whether additional discovery is needed to rule on the pending dispositive motion, and

28   (2) the motion must potentially dispose of the entire case or at least the dispositive issue on which

2

discovery is sought. *Tradebay* at 603. The "preliminary peek" is not intended to predict the outcome of the motion, but rather to evaluate whether a stay is consistent with the goal of the Federal Rules of Civil Procedure of securing a just, speedy and inexpensive determination of the case.

Judge Leen observed in *Tradebay* that "evaluating a pending dispositive motion puts a magistrate judge in an awkward position." *Tradebay* at 603 (citing *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489742 at *6 (E.D. Cal. Feb. 7, 2011)). Judge Leen further stated:

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Tradebay* at 603; in accord, *Federal Trade Commission v. AMG Services, Inc.*, No. 2:12-cv-00536-GMN-VCF, 2012 WL 3730561, at *4 (D. Nev. Aug. 5, 2012).

Accordingly, a motion to dismiss or other dispositive motion is reviewed by taking a preliminary peek at the underlying motion, not to prejudge its outcome but to evaluate the probable likelihood of success. This court will now undertake a review of the likelihood of success of Defendants' motion to dismiss and also whether any discovery is necessary with respect to Defendants' motion.

## II.  Analysis of the Motion to Stay (Doc. # 10)

### A.  Whether Plaintiff Requires Any Discovery to be Able to Oppose the Defendants' Motion to Dismiss (Doc. # 6)

Applying the two-part test to a defendant's motion to stay, the first issue to be addressed by the court is whether discovery is required by Plaintiff to oppose the Defendants' motion to dismiss. In that respect, it appears to this court that all of the issues presented by Defendants' Rule 12(b) motion (which for the purposes of the motion admits the truth of the allegations of Plaintiff's complaint) are questions of law. (Doc. # 6.) Importantly, Plaintiff's response to the motion to dismiss does not contend discovery is required to enable Plaintiff to oppose Defendants' motion or for the court to resolve the motion. (Doc. # 8.) Instead, Plaintiff merely argues the complaint on its face states a viable claim for relief and

1   therefore the motion should be denied it its entirety. The Ninth Circuit has held that staying discovery

2   pending a motion to dismiss is permissible where there are no factual issues raised by the motion. *Rae v.*

3   *Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

4        Thus, the first element of the test militates in favor of a stay of discovery.

5        **B.      Whether, After a "Preliminary Peek" of Defendants' Motion to Dismiss, the Court**

6                **is "Convinced" the Complaint Will Not Survive 12(b)(6) Scrutiny**

7        The second issue the court has to address is whether this court is persuaded the underlying

8   motion to dismiss is likely to be successful. If after taking a preliminary peek of the underlying motion

9   the court is convinced that plaintiff will be unable to state a claim for relief, then a stay of discovery

10  should be entered. *Tradebay*, 278 F.R.D. at 603; *Twin City*, 124 F.R.D. at 653; *Turner Broadcasting*,

11  175 F.R.D. at 555.

12       *Twin City*, *Tradebay* and *Turner* all cite *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981),

13  cert den. 455 U.S. 942 (1982), as authority for the process of evaluating the propriety of a stay of

14  discovery by employing the criteria of whether the court is convinced the dispositive motion will be (or

15  conversely, will not be) successful. The *Wood* case arose from the district court's appointment of a part

16  time United States Magistrate (William McEwen, Jr.) to serve as a special master to oversee discovery.

17  Plaintiff Wood refused to comply with Special Master McEwen's rulings. As a sanction, the district court

18  dismissed the plaintiff's action. The Ninth Circuit affirmed. 644 F.2d at 800. Three years later Wood

19  instituted another related action suing, among others, Magistrate McEwen, claiming the earlier judgment

20  was a fraud on the court. Plaintiff Wood sought to have the judgment set aside under Fed. R. 60(b). The

21  defendants moved to dismiss. The district judge issued a protective order "suspending discovery until

22  he decided these motions." (*Id*.)

23       One of the assignments of error addressed in *Wood* in an appeal to the Ninth Circuit Court of

24  Appeals pertained to the district court's issuance of the protective order and staying discovery. Affirming

25  the court's exercise of discretion (and lack of abuse of that exercise) in staying discovery, the Ninth

26  Circuit stated that:

27            A district court may limit discovery "for good cause," Rule 26(c)(4),
              Federal Rules of Civil Procedure, and may continue to stay discovery

28

4

1        when it is convinced that the plaintiff will be unable to state a claim for

2        relief. *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978).

3   *Wood*, 644 F.2d at 801.

4        The Ninth Circuit further observed in *Wood* that when the district court "suspended discovery,

5   there was a <u>real question</u> whether Wood's claim presented a substantive basis for vacating the judgment."

6   However, the *Wood* decision also stated that once discovery is stayed, the stay may "continue" when the

7   district court is "<u>convinced</u> that the plaintiff will be unable to state a claim for relief."[2] *Id* at 801, 802;

8   emphasis added.

9        In *B.R.S. Land Investors*, the decision cited by the Ninth Circuit in *Wood*, the district court

10  dismissed plaintiff's action, albeit with leave to amend. However, the district court denied plaintiff's

11  request for discovery and the Ninth Circuit affirmed, stating,

12        a district court may properly exercise its discretion to deny discovery

13        where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted.

14  *B.R.S. Land Investors*, 596 F.2d at 356.  As authority for this proposition, the *B.R.S. Land Investors*

15  decision (*id.* at 356) cited 4A Moore's Federal Practice, p. 30-52 at 30-49) 2d. Ed. 1975). Unfortunately,

16  the 1975 Second Edition of Moore's Federal Practice was not particularly enlightening on any criteria

17  to be utilized under what is now called the "preliminary peek" review and what might cause the court

18  to stay discovery. However, the Third Edition of Moore's Federal Practice is somewhat more educational

19  and provided a list of criteria for courts to consider when evaluating a request for a stay, which should

20  be made on a case-by-case basis:

21      •     The type of motion and whether it is a challenge as a matter of law or to the sufficiency

22            of the allegations.

23      •     The nature and complexity of the action.

24

---

25      [2] This court is admittedly somewhat confused by the Ninth Circuit's apparent intermingling of differing standards:

26  does the trial court have to be "convinced" the underlying action fails to state a claim when evaluating the propriety of a stay of discovery, or does the court merely have to have a "real question" about the merits of plaintiff's action? Do these standards

27  apply only to the determination of whether a stay (which has been entered initially under a "good cause" standard) has to subsequently be evaluated under the "convinced" standard–or the "real question" criteria– in order for the court to continue

28  the stay, pending resolution of the motion? Nevertheless, this may be a distinction without substance as it appears to this court these two terms may be utilized interchangeably, which is how this court will employ them.

1       •     Whether counterclaims or cross-claims have been interposed.

2       •     Whether some or all of the defendants join in the request for the stay, the posture or stage

3             of the litigation.

4       •     The expected extent of discovery in light of the number of parties.

5       •     The complexity of the issues in the case.

6       •     Any other relevant circumstances.

7    6 Moore's Federal Practice, § 26.105[e][c] (3rd. Ed. 1977).

8           Moore's authority for this criteria is a citation to *Skellerup Indus. Ltd. v. City of Los Angeles*, 163

9    F.R.D. 598, 501 (C.D. Cal. 1995). In *Skellerup,* a motion for a blanket stay filed by the City of

10   Los Angeles was denied because a co-defendant was participating in discovery. The court found it was

11   likely discovery would have to be secured from the City either as a party or non-party, so staying

12   discovery would not be appropriate. *Id.* at 601.[3]

13          Regardless of any semantical difference between these two competing terms ("convinced" versus

14   "real question"), this court will undertake a preliminary review of what it perceives to be the substantive

15   merit of Plaintiff's complaint, and whether, in the court's discretion, justice would be better served with

16   staying or proceeding with discovery. Once again, however, as Judge Leen counseled, the preliminary

17   peek "is <u>not</u> to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order

18   staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." Further,

19   Judge Leen noted "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to

20   challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay*

21   at 597, citing *Rutman Wine Co. v. E. J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

22   _____

23      [3] Curiously, however, the magistrate judge hearing the discovery motion in *Skellerup* declined to get involved in
     evaluating the merits of the underlying motion to dismiss, stating that "for the magistrate judge 'to make a preliminary finding
24   of the likelihood of success on the motion to dismiss...would circumvent the procedures for resolution of such a motion.'"
     *Skellerup*, 163 F.R.D. at 601, *citing Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). This is akin to the
25   "awkward position" Judge Leen noted in which a magistrate judge is placed when evaluating a pending dispositive motion,
     even under the preliminary peek standard. *Tradebay*, 278 F.R.D. 603; *Mlejnecky* at *6.

26       Interestingly, in several of the decisions which employed the standard that the court must be "convinced" of the
     merits of the underlying motion to dismiss, the judge eventually deciding that dispositive motion was the same judge who
27   was also entertaining the stay motion. *See, e.g., Twin City*; *Wood*; *B.R.S. Land*, etc. In the present matter, the undersigned
     would not be deciding the underlying motion to dismiss. Instead, this court is only undertaking the "preliminary peek" into
28   the merits of Plaintiff's claims.

1    Defendants in this matter have challenged the legal viability of the ten causes of action and

2    twenty claims for relief that are alleged against fourteen defendants in Plaintiff's 116 page complaint.

3    (Doc. # 1.) This court's preliminary peek of these allegations is also undertaken in light of the United

4    States Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcraft v. Iqbal*,

5    556 U.S. 662 (2009). These decisions have been interpreted as requiring the pleader to affirmatively

6    suggest an actual entitlement to relief. The averments must state a "plausible" likelihood of recovery.

7    *Bell Atlantic* at 570; *Iqbal* at 678-79. If the pleadings (if presumed true) do not demonstrate a plausible

8    right of recovery, then a 12(b)(6) motion should be granted.

9    The court has undertaken a thorough review of Plaintiff's complaint and Defendants' motion to

10   dismiss and related filings. The analysis discussed below suggests Plaintiff's action is likely to either be

11   dismissed in its entirety or at least reduced in scope. This court's analysis of the viability (or

12   "plausibility") of the allegations in Plaintiff's complaint is as follows:

13   The Eleventh Amendment would appear to bar the claims asserted against the State of Nevada

14   or its various agencies named as Defendants. *Alabama v. Pugh*, 438 US. 781, 782 (1978); *Arizonans for*

15   *Official English v. Arizona*, 520 U.S. 43, 69 (1997). "Official capacity" claims against state officials are

16   also not "persons" for purposes of § 1983. *Id.* at 69, n. 24.

17   Qualified immunity has also been asserted as a defense in this matter. Qualified immunity is a

18   defense not only to liability but provides immunity from suit. *Pearson v. Callahan*, 555 U.S. 223 (2009).

19   It is probable that this defense may insulate at least several of the defendants from suit. If so, then those

20   defendants should not be required to respond to discovery.

21   The statute of limitations has been asserted in Defendants' motion and would appear to bar the

22   claims arising out of the September 2011 allegations and those averments asserted in the First Cause of

23   Action and Claims for Relief 1, 2, 5, 6, 7, 8, 10, 11, 12 and 13.

24   Whether Plaintiff has standing to assert those claims averred in the Seventh Cause of Action

25   (a search of his wife's cell phone) appears suspect. *See*, Defendants' motion, Doc. #6 at 12-14, *citing*

26   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-51 (1992). This defense may also seemingly preclude

27   the Ninth Cause of Action which asserts damages were suffered not by Plaintiff but by his employer. A

28   civil rights plaintiff lack standing to complain about the injuries of another.

1    Plaintiff's equal protection claims in the Fifth and Sixth causes of action are suspect because of

2    his failure to allege he is a member of a protected class against which Defendants discriminated.

3    *Burren v. Harrington*, 152 F.3d 1192, 1194-95 (Ninth Cir. 1998), *citing Washington v. Davis*, 426 U.S.

4    229, 239-40 (1986).

5    Thus, while it is possible certain claims for relief may advance past the motion stage, this court

6    anticipates many, and quite possibly all, will be dismissed. Although as Plaintiff states in his motion for

7    discovery plan (Doc. # 15), he may later seek leave to amend his complaint depending on Judge Du's

8    resolution of the motion to dismiss (*id.* at 1), this court is of the opinion and is convinced that most of

9    Plaintiff's causes of action or claims for relief will not survive Defendants' motion to dismiss–and for

10   which leave to amend would not be granted. Indeed, as Plaintiff recognizes in his Motion for Discovery

11   Plan (Doc. # 15), "the Defendants' motion to dismiss raises various affirmative defenses...which...might

12   result in a dismissal of some of the claims raised by defendants named in the original complaint." (*Id.*

13   at 1.)

14   Accordingly, in its exercise of its discretion, the court determines that a stay of discovery

15   pending Judge Du's resolution of the motion to dismiss is consistent with the goal of Rule 1 of the

16   Federal Rules of Civil Procedure to "secure the just, speedy and inexpensive determination of every

17   action."

18   **III.  Conclusion**

19   Discovery is therefore **<u>STAYED</u>** for a period of **ninety (90) days** from the date of this order.

20   The courtroom deputy will schedule a discovery conference for shortly after that date at which time the

21   court will readdress the status of the stay. If, however, a decision the motion to dismiss is entered before

22   then, the courtroom deputy is directed to schedule a discovery conference shortly thereafter.

23   **IT IS SO ORDERED.**

24   DATED:  March 31, 2014.

25

26   _____

27   WILLIAM G. COBB
     UNITED STATES MAGISTRATE JUDGE

28

8