UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK STEPHEN DAVIS,<br><br>        Plaintiff,<br> v.<br>STATE OF NEVADA, et al.,<br><br>        Defendants. | Case No. 3:13-cv-00559-MMD-WGC<br><br>ORDER |

Before the Court is *pro se* Plaintiff Patrick Stephen Davis' action against Defendants State of Nevada, Nevada Division of Parole and Probation ("NDPP"), Nevada Department of Public Safety "(NDPS"), Nevada Board of Parole Commissioners ("NBPC"), the Nevada Attorney General and individual officers and officials. (Dkt. no. 1.) Plaintiff alleges violations of state and federal law, as well as his constitutional rights, in connection with a lifetime supervision condition imposed on Plaintiff as a result of a guilty plea. (*Id.* ¶ 27.) Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 6.) Plaintiff filed an opposition (dkt. no. 8) and Defendants replied (dkt. no. 9).

After briefing on the motion to dismiss completed, interested parties filed five (5) motions, each styled as "Motion for Permissive Joinder and Motion to Amend." (Dkt. nos. 11, 12, 26, 27, 34.) Each of these motions indicates that an amended complaint will be filed after the Court rules on the motion to dismiss. Plaintiff also filed a Motion for Notice of Deficiency, in which he seeks this Court's review of the Complaint pursuant to Fed. R. Civ. P. 8 and leave to amend. (Dkt. no. 14.)

The Court finds it is appropriate to determine whether the Complaint satisfies the notice pleading requirement of Rule 8 prior to ruling on the substantive arguments made in Defendants' motion to dismiss. In this case, the Complaint is plainly deficient and dismissal with leave to amend is therefore appropriate.

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8(a) notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (*citing Cafasso, U.S. ex rel. v. Gen.Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held — and we know of no authority supporting the proposition — that a pleading may be of unlimited length and opacity. Our cases instruct otherwise."); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and stating that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges")).

Although a *pro se* complaint is subject to a liberal construction, "even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action" as the Complaint fails to do here. *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 294 F.R.D. 105, 108 (D. Nev. 1982). The Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Complaint is over one hundred (100) pages long and contains extraneous and unnecessary factual minutiae. These facts only serve to cloud Plaintiff's claims and force opposing parties and the Court to sort through the lengthy document and identify its key allegations.

///

1    The first fifty-five (55) pages of the Complaint, for example, provide only
2 background of past interactions with Defendants that do not appear to serve as the
3 factual basis for Plaintiff's asserted causes of action. The key factual allegations to
4 support Plaintiff's claims appear to begin on or about September 7, 2011, when Plaintiff
5 went in for a polygraph test and was arrested. (*See* dkt. no. 1 at 59-65). The fourteen
6 (14) past incidents that the Complaint lays out in detail from pages eight (8) through fifty-
7 five (55) apparently serve to establish a past history exhibiting a pattern of behavior. (*Id.*
8 at 7.) To the extent Plaintiff believes it is necessary to provide some background to state
9 his claims then he may do so, but the level of detail in these "examples" of past conduct
10 is unnecessary and confusing in that they seem to add little to Plaintiff's claims.

11    With regard to the first incident, for example, Plaintiff describes a polygraph test in
12 2009. (*Id.* at 8.) The purpose of this section appears to be to provide some background
13 as to Plaintiff's testing and his awareness of the potential illegality of the procedure. The
14 Complaint explains that Plaintiff was told that he was not allowed to have an attorney
15 present, he was told the defendant detective had not discussed the test with his
16 therapist, he was made to fill out a questionnaire and sign a consent form explaining his
17 Fifth Amendment rights, and after the exam he was told he was not truthful as to one of
18 the questions and he was made to call his therapist. (*Id.* at 8–11.) Yet in describing this
19 incident, Plaintiff states the time of day he arrived, whose vehicle he drove in, that he
20 was asked to remove all items from his pockets, that he was escorted to the bathroom
21 and told to wash his hands and that he was allowed breaks but was not offered lunch,
22 among other seemingly extraneous facts. (*Id.*)

23    Similarly, with regard to Plaintiff's first cause of action, the thrust of Plaintiff's claim
24 is that on September 7, 2011, Plaintiff was made to submit to another polygraph test,
25 requested and was denied his attorney, and was asked questions in violation of Nevada
26 law. (*Id.* at 55-65.) However, Plaintiff also provides extraneous details about his efforts at
27 an open NBPC meeting to get an opinion on the constitutionality of the polygraph
28 examinations and informs the Court and opposing parties that the NBPC declined to

comment. (*Id.* at 58-59.) Plaintiff further repeats the same details from the previously described polygraph examination, often using the exact same language about being made to empty his pockets, being escorted to the facilities and not being offered lunch. (*Id.* at 61.) Plaintiff may feel that these facts are important and he is certainly entitled to assert them, but he must state them briefly and succinctly. If the goal of these facts is to demonstrate that Plaintiff felt as though he was in custody, for instance, then he can assert he felt as if he was in custody and briefly state that it was because he had to empty his pockets, was only provided a few short breaks and was monitored and escorted at all times. While Rule 8 demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," it does not require detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555).

Further, it is not clear who Plaintiff seeks to hold liable for each claim. Plaintiff has named fourteen (14) defendants who are each entitled to "fair notice" of what claims are asserted against them. *Twombly*, 550 U.S. at 555. Because the Complaint is broken up into a list of "causes of action" that state the factual and legal predicate for the claims, and a separate list of "claims for relief" that identify the different defendants and types of relief, the basis for liability as to each defendant is not clear. Further, these lists of "causes of action" and "claims for relief" do not match by number as there are ten (10) causes of action and seventeen (17) claims for relief. Perhaps the solution is to include the relief sought, the defendants Plaintiff seeks to hold liable and the theory of liability within the heading of each claim so that they are not presented as separate lists. It is very helpful to the Court and defendants when *pro se* plaintiffs use the Court's form for civil rights complaints pursuant to LSR 2-1 but, here, the form complaint indicates only five (5) counts, causing greater confusion as to the claims being asserted.

The Complaint is dismissed without prejudice as it fails to satisfy the notice pleading standards of Rule 8(a). Plaintiff is granted thirty (30) days leave to amend. Plaintiff should seek to shorten the length of the Complaint, make his factual allegations

4

1   simple and brief, clearly organize the theories of liability under distinct headings that
2   identify the legal basis for the claim and the defendants Plaintiff seeks to hold liable for
3   each claim, and must use the Court's *pro se* civil rights violation complaint form. To the
4   extent Plaintiff needs additional space on the form to state his allegations in support of
5   each count, Plaintiff is given leave to add up to 30 additional pages to the Court's
6   complaint form. Plaintiff may not simply attach a full complaint as he did in connection
7   with his initial filing. Plaintiff is further advised that an amended complaint supersedes
8   the original complaint and, thus, the amended complaint must be complete in itself. LR
9   15-1(a); *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546
10  (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is
11  irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa
12  Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (holding that a plaintiff is not required
13  to re-allege claims dismissed with prejudice in a subsequent amended complaint to
14  preserve them for appeal). Plaintiff's amended complaint must contain all claims,
15  defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

16  Defendants' motion to dismiss (dkt. no. 6) is denied without prejudice so that
17  Defendants may renew their arguments if Plaintiff files an amended complaint.

18  The various motions for permissive joinder (dkt. nos. 11, 12, 26, 27, 34) are also
19  denied without prejudice. Fed. R. Civ. P. 20(a) outlines the requirements for permissive
20  joinder of defendants, providing that joinder is appropriate if (1) a right to relief is
21  asserted relating to or arising out of the same transaction or occurrence, or series of
22  transactions or occurrences, and (2) some question of law or fact is common to all
23  defendants. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th
24  Cir. 1980). The Ninth Circuit has indicated that Rule 20 must be "construed liberally in
25  order to promote trial convenience and to expedite the final determination of disputes,
26  thereby preventing multiple lawsuits." *See, e.g., League to Save Lake Tahoe v. Tahoe
27  Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers
28  of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (noting the "impulse is toward entertaining the

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

The Court cannot determine whether the additional plaintiffs seeking to join satisfy the Rule 20(a) requirements because the Complaint is dismissed. The Court therefore finds it is appropriate to have before it "a short and plain statement of the claim showing that the pleader is entitled to relief" before it can determine whether other aspiring plaintiffs have a similar right to relief and share a common question of law and fact. If an amended complaint is filed, the additional plaintiffs may again move for joinder.

It is hereby ordered that Defendants' motion to dismiss (dkt. no. 6) is denied without prejudice.

It is further ordered that the motions for permissive joinder (dkt. nos. 11, 12, 26, 27, 34) are denied without prejudice.

It is further ordered that Plaintiff's motion for notice of deficiency (dkt. no. 14) is granted. The Complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Court's order consistent with this order's instructions.

DATED THIS 29th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE